UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLYDE DISEDARE | CIVIL ACTION |
| VERSUS | NO. 22-2680 |
| SGT. COLTER BRUMFIELD, ET AL. | SECTION "E" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Clyde Disedare through counsel filed a complaint pursuant to 42 U.S.C. § 1983 and state tort law in the 22nd Judicial District Court for Washington Parish seeking damages against Sgt. Colter Brumfield, Lt. Randall Williams, Major Brian Brumfield, Kevin Luper, Col. Daryl Mizell, Sgt. Miley Adams, and the Louisiana Department of Public Safety and Corrections. ECF No. 1-1, ¶¶55-64, at 10-12. The served defendants removed the case to this federal court on August 16, 2022, and filed an answer. ECF Nos. 1. Among the state court documents is an unexecuted return of service for defendant Sgt. Miley Adams with a notation indicating "unk[nown]." ECF No. 1-2, at 1.

On August 25, 2022, I issued an order for plaintiff to provide the Clerk of Court, on or before September 24, 2022, with the current service address and full name of defendant Adams for summons to be issued. ECF No. 5. My order instructed Disedare that alternatively, he could show cause in writing why his claims against Adams should not be dismissed for failure to prosecute. *Id*. The order also advised Disedare that "failure to comply with this Order in writing on or before **SEPTEMBER 24, 2022**, will result in a report and recommendation to dismiss the Defendant Miley Adams without prejudice pursuant to Fed. R. Civ. P. 4(m)," citing *Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995) and *Redding v. Essex Crane Rental Corp.*, 752 F.2d

1077 (5th Cir. 1985).  *Id*.  The order was electronically provided to plaintiff's counsel at the time of issuance.  The court has not received a response from Disedare.

FED. R. CIV. P. 4(m) requires that a defendant be served within 90 days of the filing of the complaint, and if service is not made, the court must dismiss the action without prejudice or order service by a specific time.  For a defendant not served in state court, Rule 4(m)'s "90-day deadline . . . commences at the time of removal."[1]  The jurisprudence has come to expect strict compliance with the service rules within the 90-day period prescribed by Rule 4(m) and its predecessor.[2]  In addition, FED. R. CIV. P. 41(b) provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[3]

Disedare filed his state court petition on October 21, 2021, and more than 90 days have elapsed since the Defendants remove the case to this Court on August 16, 2022.  To date, there has been no service on defendant Adams as required under Rule 4(m), nor has Disedare responded to my order or provided any information or excuse for the failure to serve and prosecute this case as to defendant Adams.  Disedare has provided no basis for the Court to consider an alternative to dismissal of his claims against Adams.  Plaintiff's failure to comply with the court's orders and rules also has created delay in the court's ability to efficiently manage the case.  Thus, dismissal without prejudice of Disedare's claims against defendant Sgt. Miley Adams is proper under both Rule 4(m) and Rule 41(b) for his failure to respond to my order, serve summons, and prosecute this case.

---

[1] *See Foster v. Rescare, Inc*, No. CV 16-670, 2016 WL 3388387, at *2 (E.D. La. June 20, 2016) (Vance, J.); *see alswo Lantz v. State Farm Mutual Auto. Ins. Co*., No. 16-318, 2017 WL 662989, at *4 n.4 (M.D. La. Feb. 17, 2017).
[2] *See*, *e.g.*, *Lambert*, 44 F.3d at 296; *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993); *Trania v. United States*, 911 F.2d 1155 (5th Cir. 1990).
[3] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Clyde Disedare's 42 U.S.C. § 1983 claims against defendant Sgt. Miley Adams be **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[4]

New Orleans, Louisiana, this __16th__ day of November, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).