UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLYDE DISEDARE | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2680 |
| SGT. COLTER BRUMFIELD, ET AL. | * | SECTION "E" (2) |

## ORDER AND REASONS

Before me is Plaintiff's Motion to Compel.  ECF No. 21.  Defendants timely filed an Opposition Memorandum.  ECF No. 27.  Plaintiff sought leave and filed a Reply Memorandum.  ECF Nos. 29-31.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.  BACKGROUND

Plaintiff Clyde Disedare filed suit asserting claims under § 1983 and for negligence and respondeat superior liability alleging that he sustained damages from the use of unnecessary and excessive force, retaliation, and negligent supervision and training relating to an incident that occurred while he was incarcerated at Rayburn Correctional Center on March 16-19, 2021.  ECF No. 1-1 ¶¶ 6-6, 55-65.  Plaintiff now seeks to compel full and complete responses to certain Interrogatories and Requests for Production, arguing that Defendants' responses have been delinquent, insufficient, and were likely not tendered by any of the defendants themselves, warranting an Order compelling production and an award of attorneys' fees.  ECF No. 21, 21-2.

Defendants oppose the motion, asserting that the motion is moot as to many requests and premature as to others because Plaintiff issued his first set of discovery in advance of the parties' Rule

26(f) conference and failed to engage in a fulsome Rule 37 conference regarding Plaintiff's identified alleged deficiencies. Specifically, Defendant notes that Plaintiff filed his motion to compel only four business days after the parties' Rule 37 conference, thus failing to allow Defendants an opportunity to address the deficiencies, and Plaintiff also raises "several new issues that Plaintiff's counsel has never addressed with Defense counsel" until the filing of the motion to compel. ECF No. 27 at 4-5. Accordingly, Defendants argue, the motion and request for attorneys' fees should be denied. *Id*.

In Reply, Plaintiff indicates that some of the identified deficiencies have been cured, but others remain outstanding or allegedly require certification. ECF No. 31 at 1-2. Plaintiff further argues that counsel has invested too much time "begging Defendants to sign discovery and produce relevant documents" despite Defendants' duty to timely respond or object to discovery. *Id*. at 2.

## II.   <u>APPLICABLE LAW</u>

### A.   <u>The Scope of Discovery</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). This broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery—whether the documents are good, bad, or indifferent.[1] The disclosure duty is a central concept of the discovery process and finds expression not only in the rules of discovery, but also in the Rules of Professional Conduct, which prohibit an attorney from suppressing any evidence subject to a legal obligation to reveal or produce.[2] Federal Rules of Civil Procedure 26(a) and (e) also require

---

[1] *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011), *objections overruled*, 284 F.R.D. 374 (E.D. La. 2012) (citation omitted).
[2] *Id.*

a litigant to supplement disclosures and discovery responses once the litigant learns that the disclosures or discovery responses are incomplete.  *See* FED. R. CIV. P. 26.

Information need not be admissible into evidence to be discoverable.  FED. R. CIV. P. 26(b)(1). Rather, the information merely needs to be proportional and relevant to any claim or defense.  *Id.* The relevancy evaluation necessarily begins with an examination of Plaintiffs' claims.[3]  The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[4]  This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.[5]  At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."[6]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[7]  If relevance is in doubt, the court should be permissive in allowing discovery.[8]  Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[9]

A party seeking discovery must comply with Rule 26(b)(1)'s proportionality limits on discovery requests and is subject to Rule 26(g)(1)(B)'s requirement to certify that the discovery request is "(i) consistent with these rules . . . ; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery

---

[3] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[4] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[5] *Id.* at 590 n.5 (citation omitted).
[6] *Id.* at 590 (citations omitted).
[7] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[8] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[9] *Rangel*, 274 F.R.D. at 590 n.5.

in the case, the amount in controversy, and the importance of the issues at stake in the action." FED. R. CIV. P. 26(g)(1)(B).

### B. <u>Obligation to Hold Rule 26(f) Conference Before Beginning Discovery</u>

Rule 26(d)(1) precludes a party from seeking discovery until the parties have conferred as required by Rule 26(f), except when the case is exempt from initial disclosures, when otherwise authorized by the rules, by stipulation, or by court order. The requirement for a Rule 26(f) conference is not a mere technicality.[10] Only after the defendants have appeared and the parties have held the required Rule 26(f) conference may discovery commence.[11]

Rule 26(d)(2)(B) expressly addresses how responses to prematurely served Rule 34 requests,[12] but the rule does not provide a similar procedure for prematurely served interrogatories or requests for admission. Courts that have addressed the issue hold that premature requests for admission, served before the Rule 26(f) conference, are not deemed admitted by failing to respond[13] and may be stricken.[14] Further, responses may not be compelled for premature discovery.[15]

### C. <u>Rule 37's Meet and Confer Requirement</u>

In connection with a discovery motion, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires:

---

[10] *See, e.g., Chevron USA, Inc. v. Peuler*, No. 02-2982, 2003 WL 139164 (E.D. La. Jan. 15, 2003) (Barbier, J.); *Collier v. Shell Offshore, Inc.*, No. 14-2090, 2015 WL 13048735 (E.D. La. Mar. 17, 2015) (Roby, J.).

[11] *Collier v. Shell Offshore, Inc.*, No. 14-2090, 2015 WL 13048735, at *1 (E.D. La. Mar. 7, 2015) (citing FED. R. CIV. P. 26(d)(1)).

[12] FED. R. CIV. P. 26(d)(2)(B). (specifying that an early Rule 34 request is considered served on the date of the Rule 26(f) conference). When the parties fail to hold a Rule 26(f) conference, the court may deem discovery to begin after the Rule 16 conference. *Bo-Mac Contractors, Ltd. v. Daigle Towing Serv., L.L.C.*, No. 19-11792, 2020 WL 1812796, at *3 (E.D. La. Apr. 9, 2020) (citation omitted).

[13] *Escamilla v. United States*, No. 21-C-510, 2022 WL 2657129, at *6 n.3 (E.D. Wis. July 8, 2022) (citing *Harp v. Glock*, Nos. 18-C-1039, 18-C-1159, 2019 WL 1859258, at *1 (E.D. Wis. Apr. 25, 2019) (denying summary judgment based on admissions served before the Rule 26(f) conference) (citing Fed. R. Civ. P. 26(d)(1))), aff'd, 62 F.4th 367 (7th Cir. 2023);

[14] *Hernandez v. Morning Call Coffee Stand, Inc.*, No. 17-2613, 2018 WL 3391593, at *4 (E.D. La. July 12, 2018) (striking requests for admission served before Rule 26(f) conference).

[15] *Joffrion v. Excel Maint. Servs., Inc.*, No. 11-528, 2011 WL 6003196, at *1 (M.D. La. Nov. 30, 2011) (denying motion to compel discovery issued prematurely because no response was required).

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification.[16]  These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[17]

Although Plaintiff's counsel certified that she conferred with counsel for Defendants regarding each of the discovery disputes at issue, her e-mail memorializing the Rule 37 conference does not reflect same.  The failure to engage in a fulsome meet and confer on each disputed response prior to filing a discovery motion constitutes sufficient reason in itself to deny the motion.[18]  However, in the interests of expediency and judicial economy, the court may address the matter notwithstanding that failure.  Accordingly, the Court will address the merits of this motion.

### D.  Motion to Compel

In addressing a motion to compel, the moving party bears the burden to establish that the materials requested are within the scope of permissible discovery, after which the burden shifts to the party resisting discovery to show why the discovery is irrelevant, why discovery should not be permitted, and/or to substantiate its objections.[19]  If a party resists discovery on the grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery

---

[16] *Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited July 21, 2022).

[17] *Id.*

[18] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite); *see also Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citing cases).

[19] *Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections.") (citation omitted); *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016) ("'[T]he moving party bears the burden of showing that the materials and information sought are relevant to the action . . . .'") (citation omitted); *Davis v. Young*, No. 11-2309, 2012 WL 530917, at *3 (E.D. La. Feb. 16, 2012) (same) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)); *see also McLeod*, 894 F.2d at 1485.

fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[20]

### E.  Duties in Responding to Discovery

#### 1.  Full and Complete Responses

"Discovery by interrogatory requires candor in responding. . . .  The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive."[21]  The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[22]  Where an interrogatory answer '"as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[23]  A party is not required to make an extensive investigation in responding to an interrogatory, but must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[24]

#### 2.  Verification

Interrogatories must be "answered separately and fully in writing and under oath."  FED. R. CIV. P. 33(b)(3).  Verification must attest to the truth and accuracy of the information and be signed under oath, as required by FED. R. CIV. P. 33(b)(1)(B), (3) and (5).  The requirement that a party sign his interrogatory answers under oath is critical because interrogatory answers may be used only "to

---

[20] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).

[21] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).

[22] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).

[23] *Id.* (citing *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010))).

[24] *Id.* (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).

the extent allowed by the Federal Rules of Evidence." FED. R. CIV. P. 33(c). Thus, "interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (FED. R. EVID. 801(d)(2)), than an answer to an interrogatory."[25]  Interrogatory responses that are not signed under oath as required are not admissible as evidence to establish lying under oath (or for any other purpose).[26]

### 3.  **Objections**

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[27]  The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[28]  Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[29]

The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that

---

[25] *Melius v. Nat'l Indian Gaming Comm'n*, No. 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000) (emphasis added); *accord Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008).

[26] *Wagner v. Boh Bros. Const. Co.*, No. 11-2030, 2012 WL 3637392, at *4 (E.D. La. Aug. 22, 2012) (collecting cases).

[27] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[28] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quotations omitted).

[29] *Chevron Midstream Pipelines v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051 at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).

party understands them." FED. R. CIV. P. advisory committee's notes to 2015 amendment.  Thus, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[30]  "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." FED. R. CIV. P. advisory committee's notes to 2015 amendment.

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[31]  Objections interposed without also indicating whether any document or information is being withheld are improper.[32]  Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[33]

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[34] and courts have long interpreted the rules to prohibit general, boilerplate objections.[35]  Boilerplate

---

[30] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).

[31] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[32] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

[33] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").

[34] 8B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2173 (3d ed. 2021).

[35] *See, e.g.*, *Chevron*, 2015 WL 269051, at *3 (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant

objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[36] General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[37] A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[38] Merely copying and pasting an objection by itself, however, does not render an objection a boilerplate objection.[39] Likewise, in some instances, general objections may serve as an efficient response whereby the court may consider and rule upon general objections raised against sets of interrogatories or requests for production.[40] To serve this purpose and to comply with the Federal Rules of Civil Procedure, however, the general objections must raise specific objections and correspond to specific discovery requests.[41] Where a general objection is connected both to the facts of the case and specific discovery requests, they are proper; when they are disconnected from either the facts or the discovery requests, they are not proper.

Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections. Federal courts have repeatedly

---

or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).

[36] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case."). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

[37] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 n.16 (3d Cir. 2009).

[38] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (internal quotations omitted)).

[39] *Tim Long Plumbing*, 2020 WL 6559869, at *4.

[40] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996) (citations omitted).

[41] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

recognized that such language is improper and inconsistent with the Federal Rules.[42]

### 4.  <u>Possession, Custody or Control</u>

A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control.  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1).  A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[43]  Thus, documents owned or possessed by agents, attorneys, hired consultants and other third parties hired by a party that the party can reasonably obtain the requested information from upon its own request fall within that party's custody or control.[44]

### 5.  <u>Duty to Supplement</u>

Rule 26(e)(1) imposes upon a party an ongoing obligation to supplement prior discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other party during the discovery process . . . ."  FED. R. CIV. P. 26(e).  Accordingly, "reserving one's right to supplement a discovery response is pointless. . . and is tantamount to no response at all."[45]

---

[42] *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [but the practice] 'manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'").

[43] *Becnel v. Salas*, No. MC 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[44] *Becnel*, 2018 WL 691649, at *3 (" 'Control' ... extends to materials which the party to whom the request is made has the legal right to obtain ..., even though in fact it has no copy.") (brackets in original) (citing cases); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (Materials provided by the party to its hired consultants may be within that party's possession, custody, or control) (collecting cases).

[45] *Scott v. Mobilelink Louisiana, LLC*, No. 20-826, 2022 WL 3009111, at *7-8 (M.D. La. July 28, 2022) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 484 (N.D. Tex. 2014)).

III.   **ANALYSIS**

Attorneys and parties must act in a reasonable, cooperative manner to advance the litigation process, including discovery, with "a spirit of cooperation and with an eye toward practicality."[46] Counsel exercises reasonableness in discovery by adhering to the rules governing discovery and the requirement to engage in a thorough search for information responsive to discovery requests.

The first issue is one of timing—Plaintiff issued discovery requests before the parties engaged in a Rule 26(f) conference.[47] Counsel indicate, however, that the parties later agreed that Defendants would nonetheless provide responses to the premature discovery by March 8, 2023, and Defendants provided responses on that date.[48] Since then, Defendants have supplemented their discovery responses on at least two occasions.[49] These efforts reflect neither bad faith nor dilatory motive on Defendants' part. Additionally, ample time remains before expiration of the discovery period on July 11, 2023 and trial on September 18, 2023. That said, the court reminds Defendants of their obligation to perform a thorough investigation for responsive information in their actual or constructive possession, custody or control and to supplement discovery responses in a timely manner.

With regard to the requests, Defendants have failed to sign and verify the interrogatory responses, as required by Rule 33(b)(3), (5). ECF Nos. 21-17, 21-18, 27-6—27-11. Defendants must deliver signed verifications. Additionally, Defendants' discovery responses raising objections followed by "nevertheless, without waiving same" is improper, confusing, and hereby stricken.

   A.   **Demands for Certified Responses to Requests for Production**

Plaintiff complains that various records produced by Defendants either lack certification or lack sufficient certification for self-authentication purposes.[50] However, preparing a "certification"

---

[46] *PlayUp, Inc. v. Mintas*, No. 21-2129, 2022 WL 17742426, at *1-*2 (D. Nev. Dec. 8, 2022) (discussing the obligations imposed by FED. R. CIV. P. 1 and 26(b)(1)) .
[47] *See* ECF No. 18-3 (September 14, 2022 service of discovery requests).
[48] ECF No. 21-6 (March 8 email forwarding link to discovery responses).
[49] ECF Nos. 27-5—27-11 (April 17, 2023 and April 21, 2023 service of supplemental responses).
[50] *See, e.g.,* ECF No. 31 at 2 (seeking certification of various logbooks).

is not required by Rule 34, which simply requires production of responsive documents.  To the extent Plaintiff asks Defendants to create additional documents (i.e., certification pages), he cites no caselaw to support the notion that a party must create a new document to properly respond to a Rule 34 request. To the extent Plaintiff desires to obtain confirmation regarding the authenticity or genuineness of a document, he may do so through a Rule 36 Request for Admission.  *See* FED. R. CIV. P. 36(a)(2). Accordingly, Plaintiff's request that the court compel production of certified copies of certain discovery responses is denied.

### B.  Specific Requests at Issue

In an April 11, 2023 e-mail scheduling a Rule 37 conference, Plaintiff's counsel identified deficiencies for Interrogatories Nos. 8, 9, 14, 15, 16, and 17 and Request for Production Nos. 4, 10, 11, 12, 14, 15, and 19.  Plaintiff's motion to compel, however, identifies several additional requests. Further, although it appears that some of the issues addressed in the Rule 37 conference and motion were resolved, Plaintiff's Reply fails to delineate which requests have been resolved and which remain outstanding.

### 1.  Interrogatories

**INTERROGATORY NO. 2:** Please state whether you have in your possession or know of the existence of any photographs, moving pictures, videotapes, measurements, or other descriptions of the incident scenes of this matter or of MR. CLYDE DISEDARE as it related to this matter. As to each item, please state a description of each item, including the date it was prepared and the subject matter it portrays; and the name, address, telephone number and occupation of the person who prepared each item.

**RESPONSE:** Please see attached video exhibits: 2021-03-16 Clyde Disedare 567413 Wind 3 Rear and 2021-03-16 Clyde Disedare 567413 Wind 3 TV Room. Further, at this time the Defendants are unaware of, and have been unable to locate, any other such videos, photographs, or other such media that depict the incident or scenes related to this matter other than that which has been attached to this answer. Nevertheless, as discovery is still ongoing, Defendants reserve the right to amend/supplement this response.

Defendants' response states that they have searched for and produced the videos currently available to them and will continue to work to obtain additional videos, should any exist.  Defendant is obligated to undertake a conscientious and reasonable effort to locate responsive information.  To the extent that Defendant has failed to do so, Defendants is ordered to do so now and produce any additional videotapes responsive to this request within twenty-one (21) days of this Order.

**INTERROGATORY NO. 3:** Identify each and every RCC policy, rule or regulation regarding searches, strip searches, access to medical, and searches associated with contraband that allowed the searched in this case.

**RESPONSE:**  Defendants object to this interrogatory to the extent that it is vague. Nevertheless, without waiving the objection, Defendant's identify Regulations OP-A-8, HCP13, HCP16, HCP14, HCP20, and HCP17; and RCC Directives 3.1.3, 4.5.21(N), 4.5.28, and 4.5.10(N) as responsive to this request. As discovery is still ongoing, Defendants reserve the right to amend/supplement this response.

**SUPPLEMENTAL RESPONSE:**  Defendants maintain their objection to the extent this interrogatory is vague. However, without waiving any objections, and in addition to the regulations and directives previously identified, Defendants also identify RCC Directive 3.4.2(N) and RCC – Unit Specific Offender Posted Policy #031.

Initially, Plaintiff has failed to limit the temporal scope of this request in any manner.  Accordingly, the request is modified to limit production to the identified policies in effect from May 17-19, 2021.  Defendants' vagueness objection is overruled.  The response, however, is inadequate to the extent it fails to make clear whether Defendant has withheld any responsive document based on its objection.

If Defendants have not produced responsive policies in place at the relevant time, they must supplement their response with same within twenty-one (21) days of this Order.

**INTERROGATORY NO. 4:**  If you contend that any other person is or may be at fault whether in part or in whole for the injuries to MR. CLYDE DISEDARE, please identify such persons and provide a list of all documents, statement, or other evidence that may support such claim.

**RESPONSE:**  Defendants object to this interrogatory at this time as premature as discovery is still ongoing. Nevertheless, and without waiving their objection, Defendants will supplement their response to this request as discovery continues.

**SUPPLEMENTAL RESPONSE:** Defendant's response remains unchanged at this time.  Defendants object to this interrogatory at this time as premature as discovery is

still ongoing.  Defendants will supplement their response to this request as discovery continues.

Defendants' prematurity objection is overruled.   Defendants must provide a full and complete response to this request within twenty-one days.

**INTERROGATORY NO. 5:**  Please identify each guard who was present during each scan and strip search and instance of administering laxative to MR. CLYDE DISEDARE on March 16 – March 19, 2021, and describe the action(s) taken by each or the role each played.

**RESPONSE:**   At this time, Defendants are able to identify the following RCC employees that were present for some length of time during the alleged March 16 – 19, 2021 incident:
- Lt. Randall Williams. See 03/16/2021 UOR and 03/19/2021 UOR.
- Sgt. Colter Brumfield, who assisted in escorting Plaintiff to the scanner and then assisted in escorting Plaintiff to Sun Unit where he was placed in a Dry Cell.

See also the attached UORs,

*Defendants reserve the right to supplement this answer.*

Plaintiff complains that "the response relies exclusively on UORs" and suggests that Defense counsel refuses to allow Defendants to answer the requests themselves.  Plaintiff's speculative argument is irrelevant to the court's analysis.

Under Rule 33(c), a party is permitted to respond to an interrogatory by specifying the business records from which the answer may be derived or ascertained and permitting the requesting party a reasonable opportunity to examine same.  FED. R. CIV. P. 33(c).  Defendants have identified specific records maintained in the regular course of business and produced them for inspection. Accordingly, Defendants' production satisfies this interrogatory.

**INTERROGATORY NO. 6:**   In your own words, please describe what your involvement may have been with the incidents on March 16-19, 2021 involving MR. CLYDE DISEDARE.

**RESPONSE:**  As to Defendant Lt. Randall Williams, please see the attached UORs for detailed descriptions of his involvement in the alleged March 16 - 19, 2019 incident. Sgt. Colter Brumfield, assisted in escorting Plaintiff to the scanner on March 16, 2021 and then shortly thereafter assisted in escorting Plaintiff to Sun Unit where

he was placed in a Dry Cell. As to Defendants Brian Brumfield, Kevin Luper, and the State, each deny any and all involvement.

Plaintiff's identified deficiencies are confusing and do not appear to pertain to the actual request as issued. *See* ECF No. 21 at 7. Plaintiff makes several assertions about individual defendants' involvement and identifies various documents purportedly missing from production. Neither argument, however, pertains to the request, which seeks a description of Defendants' involvement in the incident. Plaintiff may test the accuracy of these responses during depositions, and if the witnesses testify contrary to the discovery responses, may seek appropriate relief at that time.

> **INTERROGATORY NO. 7:** Please provide a complete list of each writing that you made whether by hand or electronically regarding the incidents on March 16 – 19, 2021 involving MR. CLYDE DISEDARE and provide the approximate date, time and reason for the writing.

> **RESPONSE:** Please see the attached UORs. At this time, Defendants are aware of no other writings produced by themselves regarding the incident on March 16 – 19, 2019. As discovery is still ongoing, Defendants reserve the right to amend and supplement this response.

Plaintiff's argument once again fails to address the Interrogatory at issue and instead lists various documents in which certain pages are allegedly missing from production. Defendants have indicated that they have no other documents responsive to this request. Should Plaintiff discover that Defendants withheld other responsive information as discovery proceeds, he may file a motion for appropriate relief at that time.

> **INTERROGATORY NO. 8:** Please identify and include a DOC # for each inmate who has filed an ARP against any of the Defendants herein for the time period 3 months before and after March 16, 2021, and the nature of that complaint/grievance.

> **RESPONSE:** Defendants object to interrogatory #8 to the extent that it seeks information not relevant to the current case and proceedings, would violate the privacy of other inmates, and is overly broad in scope. Plaintiff makes no attempt to narrow this request to only similar events, and thus casts a wide net bound to catch a host of unrelated and irrelevant materials. Nevertheless, and without waiving the objection, Defendants are still in the process of obtaining these documents, if any, and will supplement this response if necessary.

**SUPPLEMENTAL RESPONSE:** Defendants object to interrogatory #8 to the extent that it seeks information not relevant to the current case and proceedings, would violate the privacy of other inmates, and is overly broad in scope.  Plaintiff makes no attempt to narrow this request to only similar events, and thus cast a wide net bound to catch a host of unrelated and irrelevant materials.  Nevertheless, and without waiving the objection, see attached ARPs filed against Defendants for the period three months before and three months after March 16, 2021.[51]

Defendants' privacy objection is overruled; any privacy concerns may be addressed by a protective order.[52]  Defendants' objection to scope and relevance is sustained in part as Plaintiff requests information about any ARP without any limiting characteristics.  The interrogatory is modified to require Defendant to identify by name and DOC number each inmate who filed an ARP against any of the Defendants during the 3-month period before and after March 16, 2021 for incidents involving bodily searches for alleged contraband in which the inmate was required to undergo x-ray or body scans and/or ingest laxatives.

Defendants' supplemental response is unclear regarding which ARPs have been produced to date; therefore, Defendants are hereby ordered to respond to Interrogatory No. 8 as modified within twenty-one days.

**INTERROGATORY NO. 9:**  If you have ever been disciplined or received a VR-1 during your employment at DOC, please explain the event, the date and the action taken against you.

**RESPONSE:**  Defendants object to this Interrogatory to the extent that it seeks information not reasonably calculated to obtain relevant material that could be admissible at trial. Nevertheless, and without waiving the objection, Defendants are still in the process of obtaining these documents, if any, and will supplement this response if necessary.

**SUPPLEMENTAL RESPONSE:** Defendants object to this Interrogatory to the extent it seeks information not reasonably calculated to obtain relevant material that could be admissible at trial.  Nevertheless, and without waiving the objection, to the extent applicable, see attached excerpts of Defendants' Colter Brumfield, Randall Williams, Brian Brumfield, Daryl Mizell, and Kevin Luper personnel files, which includes performance evaluations and disciplinary write-ups.

---

[51] ECF No. 27-6 at 3.
[52] *See Model Protective Order, Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, https://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault.

Initially, Defendants invoke an outdated discovery standard.[53] The current parameters for permissible discovery, as established by Rule 26(b)(1), extend to that which is non-privileged, relevant to claims and defenses in the case and within Rule 26's proportionality limits.

To the extent Plaintiff attempted to invoke the proportionality standard, they failed to address how the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Under these parameters, Defendants' relevance subjection is sustained to the extent Plaintiff seeks information involving incidents unrelated to searches for suspected contraband.

The interrogatory is modified to require Defendants to identify any disciplinary action or issuance of a VR-1 against any Defendant at DOC occurring within the three years predating the incident,  including the event, date and action taken against the Defendant, for any incidents related to searches for suspected contraband.  If Defendants have withheld any documents responsive to the modified request, same must be produced within twenty-one days.

**2.  Requests for Production**

**REQUEST FOR PRODUCTION NO. 7:** Produce legible copies of all photographs, diagrams and/or videotapes taken or drawn by you or on your behalf purporting to show the place or circumstances of the incidents for this matter and/or MR. CLYDE DISEDARE, including but not limited to the video Lt. Williams was reviewing as referenced in Paragraphs 11 and 13 of the Petition, Wind Unit Vestible, the Sallyport scans run by the scanner as referenced in Paragraphs 15-17, the x-rays and scans

---

[53] Eight years ago, Congress jettisoned such language:  "The 2015 amendments to Rule 26 deleted from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'"  FED. R. CIV. P. 26, advisory committee's note to 2015 amendment.

referenced in Paragraphs 20-21, video from the Dry Cell #1 solitary confinement in the Sun Unit, the 2 body scans and 2 x-rays referenced in Paragraph 34, and 35.

**RESPONSE:**  Please see videos: 2021-03-16 Clyde Disedare 567413 Wind 3 Rear and 2021-03-16 Clyde Disedare 567413 Wind 3 TV Room. X-rays, if any, will be a part of Plaintiff's medical record. Once we receive Plaintiff's executed HIPAA form, we will request his medical records from RCC, provide you with same, and supplement this response, if necessary. In further answering, and upon information and belief, there are a total of five scans generated from the body scanner. The scans are in a format not easily assessable or downloadable. Thus, Defendants require more time in order to be able to acquire the scans, with the help of IT, from RCC, and will supplement this response.

<u>**SUPPLEMENTAL RESPONSE:**</u>  In addition to the videos previously produced to this response on March 8, 2023, please see the following body scan images, attached:

1.	3-16-2021 time 1208 front, Sallyport
2.	3-16-2021 time 1208 stomach, Sallyport
3.	3-16-2021 time 1209 side stomach, Sallyport
4.	3-16-2021 time 1209 side stomach 2, Sallyport
5.	3-16-2021 time 1212 stomach 1, Sallyport
6.	3-16-2021 time 1212 stomach 2, Sallyport
7.	3-17-2021 time 1248 front, Lobby
8.	3-17-2021 time 1248 stomach, Lobby
9.	3-19-2021 time 1058 front, Lobby
10.	3-19-2021 time 1058 stomach, Lobby

The production of videotapes was addressed in response to Interrogatory No. 2.  Regarding body scans, Defendants assert that scans from March 19, 2021 were produced in their Second Supplemental Responses.  Defendants also assert that they cannot produce x-ray films until they receive a signed HIPAA form from Plaintiff authorizing the release of the images from Our Lady of the Angels Hospital Regional Radiology because Defendants do not have possession, custody, or control of the films.[54]  Accordingly, Plaintiff must sign and return the form within seven (7) days of this Order, after which Defendant must produce the films within twenty-one (21) days.

<u>**REQUEST FOR PRODUCTION NO. 12:**</u>  Please produce all medical, health care, employment, or income related record you have in your possession for MR. CLYDE DISEDARE.

---

[54] ECF No. 27 at 9-10.

**RESPONSE:** Please see the attached documents. Further, once we receive Plaintiff's executed HIPAA form, we will request his medical records from RCC, provide you with same, and supplement this response, if necessary.

**SUPPLEMENTAL RESPONSE:** Please see attached Plaintiff's Medical Record. To the extent Defendants are in possession of any of Plaintiff's employment or income related records, please see Plaintiff's Medical Record of Master Prison Record (previously produced March 8, 2023).

Rule 34 instructs that documents must be produced as they are kept in the usual course of business or, if a request does not specify a form for producing electronically stored information, a party must produce it in a form in which it is ordinarily maintained or in a reasonably usable form. FED. R. CIV. P. 34(b)(E)(i-ii). Defendants produced Plaintiff's Certified Medical Record on April 17, 2023.[55]

Plaintiff complains about the format in which the record was produced, insinuating that Defendant has withheld certain portions of the record from production by transmitting an electronic rather than hard copy of the record. Defendants deny that part of the record is missing, but agreed to follow up with RCC to confirm that nothing has been withheld. Defendant also notes that Plaintiff did not provide them with sufficient time to follow up as Plaintiff filed the instant motion four days after they conferred about this request. Plaintiff's speculative argument is not sufficient to establish that all responsive documents have not been produced. Should Plaintiff later discover that Defendants improperly failed to produce all responsive documents, he may then seek appropriate relief.

**REQUEST FOR PRODUCTION NO. 19:** Please produce a copy of the following for March 17-19, 2021:
a. Unit log book;
b. The camp daily post roster;
c. Tower log book;
d. ATU log book;
e. Wind 3 Tier log book
f. Sun Unit Inmate Roster
g. Sun Unit Log Book
h. Scanner Log Book

---

[55] *See id.* at 16 (claiming to have produced same on April 17, 2021, presumably in error); ECF No. 31-1 (certification of medical record).

**RESPONSE:**
a. Unit log book;
      1. Defendants are still in the process of obtaining this document.
b. The camp daily post roster;
      1. Defendants are still in the process of obtaining this document.
c. Tower log book;
      1. No such document exists.
d. ATU log book;
      1. No such document exists.
e. Wind 3 Tier log book
      1. Defendants are still in the process of obtaining this document.
f. Sun Unit Inmate Roster
      1. Defendants are still in the process of obtaining this document.
g. Sun Unit Log Book
      1. Defendants are still in the process of obtaining this document.
h. Scanner Log Book
      1. Defendants are still in the process of obtaining this document.

**SUPPLEMENTAL RESPONSE:**
a. Unit log book;
      1. See attached Wind 3 & 4 Log book and Sun Unit Log book.
b. The camp daily post roster; '
      1. See attached Security Staff Roster.
c. Tower log book;
      1. . See attached Tower 1 Log Book.
d. ATU log book;
      1. No such document exists.
e. Wind 3 Tier log book
      1. See attached Wind 3 & 4 Log book.
f. Sun Unit Inmate Roster
      1. See attached Sun 4 Inmate Roster for 4L and 4R.
g. Sun Unit Log Book
      1. See attached Sun Unit Log book.
h. Scanner Log Book
      1. See attached Log books.
Defendants reserve the right to supplement these answers.

Defense counsel asserts that Plaintiff raised issues with Defendants' supplemental production for the first time in his motion to compel and counsel is working to either retrieve the additional records sought or confirm that no such records are available.[56]  Plaintiff fails to address this request in his

---

[56] ECF No. 27 at 17-18.

Reply.  Defendants must supplement their responses as stated in their Opposition Memorandum within twenty-one (21) days.

### 3.  **Satisfied Requests**

Plaintiff acknowledges in his Reply Memorandum that the deficiencies identified with the Response to Request for Production No. 1 have been cured.  Regarding Interrogatories Nos. 10, 14, 15, 16, and 17 and Requests for Production Nos. 9 and 14, Defendants' supplemental responses, along with Plaintiff's failure to address same in his Reply, indicate that these requests are likewise satisfied.

## IV.   **CONCLUSION**

The parties and the court share a collective responsibility to ensure that the discovery process is proportional, efficient, and cooperative.[57]   The parties must honor this duty and work together to engage in the open sharing of information within the confines of the law, which include conducting thorough searches for responsive information and engaging in discovery conferences.  Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 21) is GRANTED IN PART AND DENIED IN PART as stated herein.  Plaintiff's request for attorneys' fees is DENIED.

IT IS FURTHER ORDERED that Defendants supplement their responses and produce signed, verified interrogatories as directed herein within twenty-one (21) days of the entry of this Order.

IT IS FURTHER ORDERED that Plaintiff sign and return to Defense counsel the HIPAA authorization form directed to Our Lady of the Angels Hospital Regional Radiology within seven (7) days of this Order, after which Defendants must produce the x-rays identified above within twenty-one (21) days.

New Orleans, Louisiana, this _____16th_____ day of May, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[57] *See* FED. R. CIV. P. 26, advisory committee's note to 2015 amendment.