UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLYDE DISEDARE,** <br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2680** |
| **SGT. COLTER BRUMFIELD, ET AL.,** <br>    **Defendants** | **SECTION: "E" (2)** |

### ORDER

Before the Court is Plaintiff's Motion for Reconsideration of Order Denying Leave of Court to File Supplemental Exhibits in Support of Opposition Memorandum.[1] Defendants have filed a response in opposition,[2] and Plaintiff has replied.[3]

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[4]

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[5]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

---

[1] R. Doc. 87.
[2] R. Doc. 93.
[3] R. Doc. 97.
[4] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. CIV.A. 09-4369 R, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").
[5] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).

1

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[6]

The Court finds that none of these factors favors reconsideration in this case. Plaintiff's argument is that the deposition excerpts represent new evidence, but in fact, the evidence is not new. As the Court previously noted, these depositions were conducted before Plaintiff's Response in Opposition was filed.[7] Although the *transcripts* were not delivered to Plaintiff's counsel until after the Response in Opposition was filed,[8] the *contents* of the depositions were known prior to that time, and Plaintiff's counsel could have included a summary of deponents' statements in the Response in Opposition and sought leave to supplement once the transcripts were received. Because counsel did not do that, the Motion for Leave of Court to File Supplemental Exhibits in Support of Opposition Memorandum[9] and subsequent motion for reconsideration[10] ask this Court to permit Plaintiff to submit exhibits out of time without good cause.

---

[6] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[7] *See* R. Doc. 85.
[8] R. Doc. 87 at p. 1.
[9] R. Doc. 81.
[10] R. Doc. 87.

Plaintiff does not present new evidence, reconsideration is not necessary to prevent manifest injustice,[11] and there has been no intervening change in the controlling law. Accordingly;

**IT IS ORDERED** that the motion is **DENIED**.

**New Orleans, Louisiana, this 10th day of October, 2023.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[11] Plaintiff appears to argue reconsideration is necessary to prevent a manifest injustice, and, in support, Plaintiff represents that Defendant Brumfield "testified . . . that it was a violation of [Plaintiff's] constitutional rights [] to conduct a body cavity search without a basis in probable cause or reasonable suspicion" and Defendant Williams testified "it is a violation of constitutional rights to use security measures to humiliate, aggravate or infringe on the privacy of an inmate." (R. Doc. 81 at p. 1.) Plaintiff has overstated the importance of the witnesses' testimony. (*See* R. Doc. 81-2; Exs. to R. Doc. 87.) Both testified about hypothetical violations of "abstract rights." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). But to overcome a defense of qualified immunity, a Plaintiff must show "that the right the official is alleged to have violated must have been 'clearly established' in a more particularized . . . sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640. The proffered deposition excerpts alone do not overcome the defense of qualified immunity.