UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLYDE DISEDARE,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2680** |
| **SGT. COLTER BRUMFIELD, ET AL.,**<br>    Defendants | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by Plaintiff Clyde Disedare.[1] Defendants Colter Brumfield, Randall Williams, Darryl Mizell, and Kevin Luper filed a response in opposition.[2]

## BACKGROUND

Plaintiff Clyde Disedare is incarcerated at Rayburn Correctional Center,[3] where he was held at all times relevant to this action.[4] Defendants in this case are state correctional officers Brumfield, Williams, Mizell, and Luper (the "Defendant officers"), and the State of Louisiana through the Louisiana Department of Public Safety and Corrections (the "DPSC").[5] Plaintiff alleges that over a four-day period in March 2021, the Defendant officers, suspecting Plaintiff had stored contraband in his rectum, repeatedly ordered him to ingest laxatives, perform bowel movements in full restraints, submit to strip searches, and undergo x-rays.[6] No contraband was found.[7] Plaintiff originally sued in Louisiana state court on July 6, 2022, bringing claims under 42 U.S.C. § 1983 ("Section 1983") and

---

[1] R. Doc. 105.
[2] R. Doc. 111.
[3] R. Doc. 1-1 at p. 1.
[4] *Id.* at pp. 2–3.
[5] *Id.*
[6] *Id.*
[7] *Id.* at pp. 8–9.

1

Louisiana state law.[8] Under Section 1983, Plaintiff alleges the Defendant officers violated the Eighth Amendment's prohibition of cruel and unusual punishments by housing him in unconstitutionally unsanitary conditions of confinement,[9] exercising excessive force by corporal punishment,[10] and breaching their duty to protect.[11] Under articles 2315, 2317, and 2320 of the Louisiana Civil Code, Plaintiff seeks relief for the negligent acts and/or omissions of the Defendant officers and asserts claims against the DPSC under a theory of respondeat superior.[12]

On August 16, 2022, the Defendant officers and the DPSC (collectively, the "Defendants") filed a Notice of Removal, removing the case to this Court from the 22nd Judicial District Court for the Parish of Washington in the State of Louisiana.[13] On July 21, 2023, Defendants filed their Motion for Summary Judgment.[14] The Court's Order and Reasons issued on March 13, 2024 (the "March 13 Order") granted in part and denied in part the Motion for Summary Judgment on issues of qualified immunity with respect to Plaintiff's Section 1983 claims and discretionary immunity with respect to Plaintiff's state law negligence claims against the Defendant officers, and dismissed Plaintiff's claims against the State of Louisiana through the DPSC, sua sponte, for lack of subject matter

---

[8] *Id.* at p. 1.
[9] Specifically, Plaintiff alleges "[h]e had no hygiene, no shower and he had to eat with unclean hands and an open five gallon bucket of human wa[s]te[] within three (3) feet of his dry cell." *Id.* at p. 9.
[10] Specifically, Plaintiff alleges he "was escorted back to the Sun Unit in shower sandals and full restraints causing injury to his ankles and toes" and "[u]se of the dry cell, scans and multiple body scans, search[es], laxatives and denial of medical care was cruel and unusual punishment." *Id.* at pp. 7, 9.
[11] Specifically, Plaintiff alleges Defendant officers "st[ood] by and allow[ed] the violation of rights/failure to protect." *Id.* at p. 10.
[12] *Id.* at p. 11.
[13] R. Doc. 1.
[14] R. Doc. 54.

2

jurisdiction.[15] Plaintiff now moves the Court to reconsider one aspect of the March 13 Order—the order dismissing Plaintiff's claims against the DPSC.[16]

## **LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure governs motions for reconsideration of interlocutory rulings.[17] Under Rule 54(b), "any order that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims."[18] Generally, courts in this district evaluate motions to reconsider interlocutory orders under the same standards as those governing motions to alter or amend final judgments brought pursuant to Rule 59(e).[19]

Courts have considerable discretion when evaluating the merits of a Rule 59(e) motion.[20] To prevail on a motion for reconsideration pursuant to Rule 59(e), the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence[,] [which] cannot be used to raise arguments which could, and should, have been made before the judgment issued."[21] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[22] Courts in this district consider the following factors when applying Rule 59(e) standards:

---

[15] R. Doc. 101.
[16] R. Doc. 105.
[17] *See, e.g.*, *Muslow v. Bd. of Supervisors*, 19-11793, 2021 WL 3566302, at *2 (E.D. La. Aug. 12, 2021).
[18] FED. R. CIV. P. 54(b).
[19] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").
[20] *See, e.g.*, *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Baker v. Fedex Ground Package*, 04-3401, 2007 WL 3334387, at *1 (E.D. La. Nov. 7, 2007).
[21] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[22] *Lacoste v. Pilgrim Int'l*, 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

3

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[23]

"Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgment as justice requires."[24] "The district court must exercise this broad discretion sparingly, however, to forestall the perpetual reexamination of orders and the resulting burdens and delays."[25]

## LAW AND ANALYSIS

Under Louisiana law, Plaintiff asserts claims against the DPSC, an "indisputabl[e] 'arm of the state,'"[26] for the alleged tortious acts committed by its employees, the Defendant officers.[27] In his Motion for Reconsideration, Plaintiff asks the Court to reconsider its order dismissing Plaintiff's claims against the State of Louisiana through the DPSC on the basis of a lack of federal subject matter jurisdiction.[28] Plaintiff contends

---

[23] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
[24] *Muslow*, 2020 WL 4471160, at *5 (citations omitted) (internal quotation marks omitted).
[25] *Tonti Management Co., Inc. v. Soggy Doggie, LLC*, 19-13134, 2020 WL 9172035, at *6 (E.D. La. Aug. 13, 2020). *See also Lightfoot*, 2012 WL 711842, at * 3 ("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."); *Factor King, LLC v. Block Builders, LLC*, 192 F. Supp. 3d 690, 693 (M.D. La. 2016) ("A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent.").
[26] *Traweek v. Gusman*, 414 F. Supp. 3d 847, 857 n.14 (E.D. La. Oct. 23, 2019) (citing *Champagne v. Jefferson Par. Sheriff's Off.*, 188 F.3d 312, 314 (5th Cir. 1999)).
[27] R. Doc. 1-1 at p. 11.
[28] R. Doc. 105-2 at p. 1. In the March 13 Order, the Court found that the State did not waive its sovereign immunity from liability for Plaintiff's respondeat superior claims against the DPSC and dismissed Plaintiff's claims, accordingly. R. Doc. 101 at pp. 29–32.

4

the State of Louisiana waived any claim to Eleventh Amendment immunity by removing the case to federal court.[29]

In opposition, Defendants argue the Court "should deny Plaintiff's [M]otion for [R]econsideration as futile given that there are no respondeat superior claims against [the] DPSC aside from Plaintiff's battery claims that were previously dismissed."[30] Defendants' argument, however, ignores Plaintiff's other claims under Louisiana state tort law.[31] While the Court's March 13 Order did deny as moot summary judgment on Plaintiff's purported claims of battery against the Defendant officers and the DPSC because Plaintiff's petition did not state any claim of battery,[32] the Court denied summary judgment on "discretionary immunity with respect to Plaintiff's state law negligence claims against the Defendant officers."[33] Accordingly, because Plaintiff maintains claims under Louisiana Civil Code articles 2315 and 2317 against the Defendant officers, Plaintiff's respondeat superior claims against the State of Louisiana through the DPSC, under article 2320, remain.

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[34] Whether a claim is barred by sovereign immunity bears on this Court's jurisdiction.[35] "Under the Eleventh Amendment, 'an unconsenting State is immune from suits brought in federal courts by

---

[29] R. Doc. 105-2 at p. 1 (citing Notice of Removal, R. Doc. 1).
[30] R. Doc. 111 at p. 1.
[31] R. Doc. 1-1 at p. 11 (asserting claims under Louisiana Civil Code articles 2315, 2317, and 2320).
[32] R. Doc. 101 at p. 33.
[33] *Id.* at p. 32.
[34] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[35] *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir. 2002) ("[W]e may consider this [sovereign immunity] issue *sua sponte* because it bears on this court's subject-matter jurisdiction." (citing *Burge v. Par. of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir.1999))).

her own citizens.'"[36] "When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief *unless* the state has waived its immunity."[37] "Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it."[38] Indeed, the Louisiana Governmental Claims Act (the "LGCA") explicitly provides, "no suit against the state or state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[39] Fifth Circuit precedent likewise supports the conclusion that "the [S]tate of Louisiana ha[s] not statutorily expressed the intent to expose itself to suit in federal court and therefore did not expressly waive Eleventh Amendment immunity."[40] "Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity."[41]

"Sovereign immunity consists of two separate and different kinds of immunity, immunity from suit and immunity from liability." [42] A state may waive or "relinquish its immunity from suit while retaining its immunity from liability, or vice versa."[43] When a state removes a case to federal court, it "voluntarily invoke[s] the jurisdiction of the federal courts and waive[s] its immunity from *suit* in federal court."[44] Whether the state retains "a separate immunity from liability is an issue that must be decided according to

---

[36] *Price v. Irons*, 19-11451, 2020 WL 3047447, at *3 (E.D. La. June 8, 2020) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).
[37] *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002) (emphasis added) (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)).
[38] *Able Sec. and Patrol, L.L.C. v. Louisiana*, 07-1931, 2010 WL 1294053, at *4 (E.D. La. Mar. 20, 2010) (citing La. Rev. Stat. § 13:5106(A); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991)).
[39] La. R.S. § 13:5106(A) (2018).
[40] *Able Sec.*, 2010 WL 1294053, at *4 (citing *Fairley v. Stalder*, 294 Fed. App'x 805, 811 (5th Cir. 2008)).
[41] *Id.* (citing *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990); *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990)).
[42] *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 254 (5th Cir. 2005).
[43] *Id.* at 255.
[44] *Id.* (citing *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002)).

that state's law."⁴⁵ In this case, the DPSC voluntarily removed this action from state court.⁴⁶ As a result, the DPSC has waived its immunity from suit in this Court.

The Court turns to whether the State of Louisiana has waived immunity from liability for Plaintiff's claims under Louisiana tort law. The Court considers whether the State of Louisiana would have had immunity from tort liability if the claims had been brought in state court.⁴⁷ Article 12, § 10(A) of the Louisiana Constitution abolished the state's "immun[ity] from suit and liability in contract or for injury to person or property."⁴⁸ Further, the LGCA governs claims "against the state, a state agency, an officer or employee of the state or a state agency arising out of the discharge of his official duties or within the course and scope of his employment."⁴⁹ Accordingly, the Court finds that, under Louisiana constitutional and statutory law, the State of Louisiana has waived its sovereign immunity from tort liability.

The Court is afforded broad discretion to reexamine interlocutory orders like the March 13 Order.⁵⁰ While motions for reconsideration are "sparingly granted," such action is warranted in this case.⁵¹ Plaintiff has sufficiently demonstrated that the motion to reconsider "is necessary to correct [a] manifest error of law"⁵² upon which the Court based

---

⁴⁵ *Id.*
⁴⁶ R. Doc. 1.
⁴⁷ Jonathan R. Siegel, *Waivers of State Sovereign Immunity and the Ideology of the Eleventh Amendment*, 52 DUKE L.J. 1167, 1235 (2003) (cited approvingly in *Benzing*, 410 F.3d at 255 n.25) ("[R]emoval of a case by a state defendant should be understood to waive the defendant's special privilege from being sued in federal court, . . . [but not] the defendant's immunity from any claims from which it would have been immune *in state court*.") (emphasis added); *accord Trant v. Oklahoma*, 754 F.3d 1158, 1173 (10th Cir. 2014) ("A state does not gain an unfair advantage asserting in federal court an affirmative defense it would have had in state court."); *Stroud v. McIntosh,* 722 F.3d 1294, 1302 (11th Cir. 2013) ("[N]othing in *Lapides* suggests that a state waives any defense it would have enjoyed in state court—including immunity from liability for particular claims."), *cert. denied*, 134 S.Ct. 958 (2014).
⁴⁸ LA. CONST. art. 12, § 10(A).
⁴⁹ La. R.S. § 13:5101(B) (2010).
⁵⁰ *See Tonti Management*, 2020 WL 9172035, at *6.
⁵¹ *See Baker*, 2007 WL 3334387, at *1.
⁵² *See Castrillo*, 2010 WL 1424398, at *4.

7

its interlocutory order dismissing the State of Louisiana through the DPSC from this case on the basis of the state's sovereign immunity.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **GRANTED**.[53]

**IT IS FURTHER ORDERED** that the Court's March 13 Order is **VACATED IN PART**.[54] The Court has jurisdiction over Plaintiff's claims against the State of Louisiana through the DPSC.

**New Orleans, Louisiana, this 8th day of April, 2024.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[53] R. Doc. 105.
[54] R. Doc. 101.