UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLYDE DISEDARE,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2680** |
| **SGT. COLTER BRUMFIELD, ET AL.,**<br>    Defendants | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court are two contested motions to amend: Plaintiff's Motion for Leave to File Amended Complaint (hereinafter "Plaintiff's Motion to Amend")[1] and a Motion to Amend Scheduling Order (hereinafter "Defendants' Motion to Amend") filed by Defendants Colter Brumfield, Randall Williams, Darryl Mizell, and Kevin Luper (collectively, the "Defendant officers").[2]

## BACKGROUND

On July 6, 2022, Plaintiff filed suit against the Defendant officers and the State of Louisiana through the Louisiana Department of Public Safety and Corrections (the "DPSC") in the 22nd Judicial District Court for the Parish of Washington in the State of Louisiana.[3] In his state court petition, Plaintiff asserted claims under 42 U.S.C. § 1983 ("Section 1983") and Louisiana state tort law.[4] Under Section 1983, Plaintiff alleges the Defendant officers violated the Eighth Amendment's prohibition of cruel and unusual punishments by housing him in unconstitutionally unsanitary conditions of

---

[1] R. Doc. 103. The Defendant officers filed a response in opposition. R. Doc. 107. Plaintiff replied. R. Doc. 110.
[2] R. Doc. 102. Plaintiff filed a response in opposition. R. Doc. 104.
[3] R. Doc. 1-1.
[4] *Id.* at p. 1.

1

confinement,[5] exercising excessive force by corporal punishment,[6] and breaching their duty to protect.[7] The Court's Order and Reasons issued on March 13, 2024 (the "March 13 Order") presents factual background relevant to the case.[8]

On August 16, 2022, the Defendant officers and the DPSC (collectively, the "Defendants") removed the case to this Court.[9] On December 14, 2022, this Court issued a Scheduling Order (the "First Scheduling Order").[10] The First Scheduling Order established two deadlines relevant to the instant Motions to Amend. Relevant to Defendants' Motion to Amend, the First Scheduling Order required that "[a]ll non-evidentiary pretrial motions . . . be filed and served not later than July 18, 2023 to permit a submission date on or before August 2, 2023."[11] Relevant to Plaintiff's Motion to Amend, the First Scheduling Order required that "[a]mendments to pleadings[,] . . . with consent of all parties or by leave of Court[,] . . . be filed no later than January 13, 2023."[12]

On July 21, 2023, the Defendants filed their Motion for Summary Judgment[13] arguing they "are entitled to Qualified Immunity and Plaintiff's [Section] 1983 claims of cruel and unusual punishment, failure to protect, and State law claims of battery and negligence against [the Defendant officers] . . . cannot be supported."[14] Later in July 2023, the Court granted two unopposed motions continuing the submission date for the

---

[5] Specifically, Plaintiff alleges "[h]e had no hygiene, no shower and he had to eat with unclean hands and an open five gallon bucket of human wa[s]te[] within three (3) feet of his dry cell." *Id.* at p. 9.
[6] Specifically, Plaintiff alleges he "was escorted back to the Sun Unit in shower sandals and full restraints causing injury to his ankles and toes" and "[u]se of the dry cell, scans and multiple body scans, search[es], laxatives and denial of medical care was cruel and unusual punishment." *Id.* at pp. 7, 9.
[7] Specifically, Plaintiff alleges Defendant officers "st[ood] by and allow[ed] the violation of rights/failure to protect." *Id.* at p. 10.
[8] R. Doc. 101.
[9] R. Doc. 1.
[10] R. Doc. 12.
[11] *Id.* at pp. 4-5.
[12] *Id.* at p. 2.
[13] R. Doc. 54.
[14] R. Doc. 54-1 at p.1.

2

Motion for Summary Judgment,[15] the later of which extended the deadline for Plaintiff to file an opposition to August 22, 2023 and the submission date to August 30, 2023.[16] On August, 1, 2023, the Court issued a minute entry amending "the unexpired scheduling order deadlines" (the "Amended Scheduling Order"), which left undisturbed the August 30 submission date for the Motion for Summary Judgment.[17] Neither the Amended Scheduling Order nor the preceding orders continuing the submission dates extended the date for the parties to amend pleadings beyond the January 13, 2023 deadline established in the First Scheduling Order.[18] On September 13, 2023, shortly after the submission date of the Motion for Summary Judgment, the Court vacated the Amended Scheduling Order and suspended all unexpired pretrial and trial dates.[19] The Court has not yet entered a new scheduling order.

On March 13, 2024, the Court issued an Order and Reasons (the "March 13 Order") resolving Defendants' Motion for Summary Judgment.[20] Relevant to Defendants' Motion to Amend, the March 13 Order granted summary judgment on the issues of qualified immunity with respect to Plaintiff's Section 1983 claims against the Defendant officers for excessive force and for bystander liability for failure to prevent an excessive use of force, and denied summary judgment on the issues of qualified immunity with respect to Plaintiff's Section 1983 claims against the Defendant officers for unconstitutional conditions of confinement, bystander liability for failure to prevent unconstitutional conditions of confinement, and discretionary immunity with respect to Plaintiff's state

---

[15] R. Docs. 56 & 59.
[16] R. Doc. 59.
[17] R. Doc. 60.
[18] R. Docs. 56, 59, & 60.
[19] R. Doc. 86.
[20] R. Doc. 101.

law negligence claims.[21] The Defendant officers now move the Court to "modify the scheduling order for the limited purpose of allowing the[m] . . . to file a motion for summary judgment on qualified immunity from Plaintiff's conditions of confinement claims," because "Defendants reasonably did not believe such claims were before the Court."[22] In opposition to Defendants' Motion to Amend[23] and independently in Plaintiff's Motion to Amend,[24] Plaintiff requests leave to file his first amended complaint to assert a Fourth Amendment claim "under the same facts as have previously been plead."[25]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) allows a district court to grant leave to amend freely when justice so requires.[26] Rule 15(a) "evinces a bias in favor of granting leave to amend."[27] Although leave to amend is not "automatic," the Court must possess a "substantial reason" to deny leave to amend.[28] The "substantial reason" standard is a high bar that is only met when, for example: a plaintiff has acted with "undue delay, bad faith or dilatory motive" in seeking leave to amend; a plaintiff has made "repeated failures to cure deficiencies by amendments previously allowed"; "undue prejudice [will result] to the opposing party by virtue of allowance of the amendment"; or the amendment would be completely futile.[29]

---

[21] *Id.* at p. 34.
[22] R. Doc. 102-1 at p. 1.
[23] R. Doc. 104.
[24] R. Doc. 103.
[25] *Id.* at p. 1.
[26] Fed. R. Civ. P. 15(a).
[27] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir.2005) (citation omitted).
[28] *Id.*
[29] *Id.*

Federal Rule of Civil Procedure 16(b) allows scheduling orders to "be modified only for good cause and with the judge's consent."[30] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[31] In determining good cause, district courts in the Fifth Circuit consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[32] "Rule 16(b) governs [the] amendment of pleadings after a scheduling order deadline has expired."[33] "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[34]

## LAW AND ANALYSIS

In this case, the deadline for filing amendments to pleadings, third-party actions, cross-claims, and counterclaims was January 13, 2023 and the deadline for filing non-evidentiary pretrial motions, including motions for summary judgment, was July 18, 2023.[35] The First Scheduling Order was in full force and had not yet been amended or vacated when the deadlines expired. Because the deadlines have passed, the Court will determine whether the parties have shown good cause to modify the scheduling order under Rule 16(b).

---

[30] Fed. R. Civ. P. 16(b).
[31] *S&W Enters, LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).
[32] *Id.* at 536.
[33] *Id.*
[34] *Id.*
[35] R. Doc. 12.

5

> **I. Plaintiff may amend his complaint to assert his unreasonable search and seizure claim under the Fourth Amendment.**

Applying the Rule 16(b) standard, the Court finds that Plaintiff has shown good cause to modify the scheduling order. As to the first factor, Plaintiff has a reasonable explanation for the delay in filing his Motion to Amend because he reasonably thought he had made a Fourth Amendment claim.[36] Only after the Court "refrain[ed] from analyzing the merits of Plaintiff's purported clearly established right to privacy under the Fourth or Fourteenth Amendments," in the March 13 Order, was Plaintiff on notice that the Court found his petition did not state a claim under the Fourth Amendment.[37] Concerning the second factor, allowing Plaintiff to amend his complaint to allege his Fourth Amendment unreasonable search and seizure claim is important because, without amending the complaint, Plaintiff loses that claim.[38] As to the third and fourth factors, granting leave for Plaintiff to amend his complaint would not prejudice Defendants or cause any further delay, because Defendants request leave to file a motion for summary judgment on qualified immunity from Plaintiff's conditions of confinement claim and will be allowed to address Plaintiff's proposed Fourth Amendment claim in that same motion.

Because Plaintiff has shown that good cause exists to modify the scheduling order,[39] the Court will grant Plaintiff's Motion to Amend.[40]

---

[36] *See* Plaintiff's Opposition to Defendants' Motion for Summary Judgment, R. Doc. 69 at p. 5-7 (arguing that "privacy against unreasonable searches is protected by the Fourth Amendment" and citing several Supreme Court cases analyzing the Fourth Amendment's prohibition of unreasonable searches and seizures).
[37] R. Doc. 101 at pp. 21-22 n. 154.
[38] *See* R. Doc. 103.
[39] FED R. CIV. P. 16(b)(4).
[40] R. Doc. 103.

## II. Defendants may file a motion for summary judgment on Plaintiff's Eighth Amendment conditions of confinement claim and Fourth Amendment unreasonable search and seizure claim.

Applying the Rule 16(b) standard to Defendants' Motion to Amend, the Court likewise finds there is good cause to allow the Defendant officers' proposed amendment to the scheduling order. As to the first factor, the Defendant officers explain that they did not include a request for summary judgment on the conditions of confinement claim in their Motion for Summary Judgment because they did not have reasonable notice that the claim had been made.[41] Defendants contend that Plaintiff's counsel "presented this as an excessive force case" and argue they "should not be penalized for failing to realize that the Plaintiff, through counsel, had buried a separate conditions of confinement claim."[42] As discussed in the March 13 Order, the Court finds Plaintiff did bring a conditions of confinement claim,[43] but understands why the Defendants assert the pleadings were less than clear. Accordingly, the Court finds the Defendant officers have provided a reasonable explanation for their failure to request summary judgment on Plaintiff's conditions of confinement claim.

Concerning the second factor, allowing the Defendant officers to file a motion for summary judgment on Plaintiff's Eighth Amendment conditions of confinement claim and forthcoming Fourth Amendment unreasonable search and seizure claim is important because the Defendant officers' entitlement to qualified immunity should be determined "at the earliest possible stage of litigation."[44] As to the third and fourth factors, the Court agrees with the Defendant officers that, "[g]iven that there is no trial date currently set,"

---

[41] R. Doc. 102-1 at p. 4.
[42] *Id.* at p. 7.
[43] R. Doc. 101 at p. 2 n.10.
[44] *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam).

allowing the parties to file motions for summary judgment on the conditions of confinement claim and the Fourth Amendment unreasonable search and seizure claim "will not delay the instant matter and may obviate the need [to] litigate the matter further."[45] Moreover, Plaintiff will not be prejudiced because he will have the opportunity to oppose Defendants' motions in opposition briefing.

Because the Defendant officers have shown that good cause exists to modify the scheduling order,[46] the Court will grant Defendants' Motion to Amend.[47]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Amend is **GRANTED**.[48] Plaintiff is hereby granted leave to amend and restate paragraph 55 of his complaint as set forth in Plaintiff's Motion to Amend.[49] Plaintiff shall file the amended complaint on or before **Monday, April 15, 2024.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend is **GRANTED**.[50] Defendants are hereby granted leave to file motions for summary judgment limited to Plaintiff's Eighth Amendment conditions of confinement claim and Fourth Amendment unreasonable search and seizure claim. The deadlines for Defendants' motion for summary judgment will be as follows:

- Defendants shall file their motions for summary judgment within **TWO WEEKS** of the filing of Plaintiff's amended complaint.

---

[45] R. Doc. 102-1 at p. 10.
[46] FED R. CIV. P. 16(b)(4).
[47] R. Doc. 102.
[48] R. Doc. 103.
[49] *Id.* at p. 1.
[50] R. Doc. 102.

- Within **TEN DAYS** of the filing of Defendants' motions for summary judgment, Plaintiff shall file his oppositions.
- Defendants may file replies within **THREE DAYS** of the filing of Plaintiff's oppositions.

**New Orleans, Louisiana, this 8th day of April, 2024.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**